**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1495**

JUSTIN DICE, individually and on behalf of all others
similarly situated; FAOUR CLEMENT, Individually and on
Behalf of All Others Similarly Situated,

>        Plaintiffs – Appellants,

>    and

DAVID A. GARCIA, Individually and on Behalf of All Others
Similarly Situated,

>        Plaintiff,

>        v.

CHANNELADVISOR CORPORATION; SCOT WINGO; DAVID SPITZ; JOHN
BAULE,

>        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge.  (5:15-cv-00307-F)

Submitted:  November 1, 2016        Decided:  November 30, 2016

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacob A. Goldberg, Gonen Haklay, ROSEN LAW FIRM, PA, Jenkintown,
Pennsylvania; James A. Roberts, III, LEWIS & ROBERTS, PLLC,

Raleigh, North Carolina, for Appellants. Lyle Roberts, COOLEY LLP, Washington, D.C., for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Dice and Faour Clement appeal the district court's order dismissing their complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a) (2012). We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"Under Section 10(b) of the Act, companies are prohibited from using any manipulative or deceptive device or contrivance in connection with the sale of a security in violation of [Securities and Exchange Commission] rules." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 605 (4th Cir. 2015). Rule 10b-5 in turn prohibits making any untrue statement of a material fact. Id. (citing 17 C.F.R. § 240.10b-5(b)). To state a claim for violation of § 10(b), a plaintiff must establish: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance

3

upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." Id. (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in dismissing the Appellants' complaint.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED